UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00333-WDM-BNB

JOHN BAREFIELD,

      Plaintiff,

v.

R.D. MOTORS, INC.,

      Defendants.

---

## STIPULATED PROTECTIVE ORDER

---

THIS MATTER having come before the Court on the stipulation of Plaintiff John Barefield and Defendant R.D. Motors, Inc., concerning the production of certain documents in this action, and the Court being fully advised, enters the following Protective Order under Fed. R. Civ. P. 26(c):

WHEREAS, the parties will be producing certain documents containing confidential and private information, including but not limited to: various business records of both Parties; documents from the personnel files of former and/or current employees of Plaintiff and Defendant; and employment, medical, legal and financial documents pertaining to Plaintiff Barefield ("Confidential Documents");

IT IS HEREBY **ORDERED:** ~~stipulated by and among the parties, by and through their respective counsel of record, that they respectfully request the Court enter the following Order pursuant to Fed. R. Civ. P. 26(c):~~

1. The Confidential Documents contain, *inter alia*, private information and shall not be disclosed to any individual except those authorized herein for the specific purposes described below.

2. All documents previously exchanged by the Parties are hereby deemed to be confidential. In addition, all documents which are designated by a party as "Confidential" or, marked "Confidential" by a party prior to production, or designated as "Confidential" by third parties, prior to the party's request for production, may be viewed only by the following persons ("Authorized Persons"):

    a. The parties' counsel of record or persons in the employ of the parties' counsel of record to the extent such persons have direct involvement or responsibility in this litigation;

    b. Persons retained by the parties' counsel of record as consultants or experts for the purposes of this litigation;

    c. The parties;

    d. Any fact witness who may be interviewed or consulted by either party, who agrees in writing to be bound by the terms of this confidentiality agreement.

3. In the event the parties' counsel of record determines that persons other than those provided for in paragraph 2 above have a need to review the Confidential Documents, written authorization must be obtained from the designating party in advance of such disclosures. Should the designating party refuse such authorization, the designating party shall have ten (10) calendar days to file a motion with the Court seeking protection of the information.

4.     The Confidential Documents provided by the parties may not be used by any Authorized Person for any purpose whatsoever other than in the preparation for and the trial of this litigation. No Authorized Person shall copy, reproduce, exhibit, show or communicate to any one other than an Authorized Person, the contents of such Confidential Documents for any purpose.

5.     In the event a party contends that the other party has improperly classified or designated information as confidential, the parties will attempt to resolve the issue between themselves.  If the parties cannot resolve the dispute, the designating party must file a motion within ten (10) calendar days requesting that the Court determine if the classification of the information as confidential is warranted.

6.     At the conclusion of this case, the trial of this case, or any subsequent appeal, the Confidential Documents provided by the parties shall be returned to the producing party's counsel of record, including all copies provided to any Authorized Person.  However, the parties' counsel may retain one copy in their file, which will continue to be subject to this Protective Order.

7.     Nothing contained in this Stipulation and Protective Order shall be construed to be a waiver by the parties of their right to refuse to disclose any document on proper grounds, including without limitation: Federal or State statutory or common law prohibit production; that it does not contain information reasonably calculated to lead to the discovery of admissible evidence; or is protected by the work product doctrine; attorney/client privilege; or any other privilege against disclosure.

Dated November 27, 2007.

                                        BY THE COURT:

                                         s/ Boyd N. Boland
                                        United States Magistrate Judge

**STIPULATED AND AGREED TO** this 26th day of November 2007.

**CAIRNS NEMECHEK & MAGRUDER, LLC**          **GREGG C.  McREYNOLDS**

s/ Michelle R. Magruder                       s/ Gregg C. McReynolds
Michelle R. Magruder , Esq.                   Gregg C. McReynolds, Esq.
8055 E Tufts Avenue, Suite 101                5750 South Ulster Circle, Suite 300
Denver CO 80237                               Greenwood Village, CO  80111
(303) 414-2200                                Tel:  303-694-1800
(303) 414-2201 Fax                            Fax: 303-694-2443
Email: mmagruder@cnmlegal.com                 Email:  gregg@greggmcreynolds.com

Attorney for Defendant R.D. Motors, Inc.      Attorney for Plaintiff John Barefield