## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00333-WDM-BNB

JOHN BAREFIELD,

      Plaintiff,

v.

R.D. MOTORS, INC.,

      Defendant.

---

## FINAL PRETRIAL ORDER

---

### 1. DATE AND APPEARANCES

The conference was held on June 5, 2008. At 10 a.m. The undersigned counsel Gregg McReynolds appeared for Plaintiff. Michelle Magruder and Tim Nemechek appeared for Defendant.

### 2. JURISDICTION

This action asserts claims under Title VII of the Civil Rights Act of 1964, 42 USC 2000e, the Civil Rights Act of 1991, 42 USC 1981, and under Colorado state law under the court's pendent jurisdiction. Defendant has asserted three counterclaims against Plaintiff.

## 3. CLAIMS AND DEFENSES

**A. Plaintiff:**

Mr. Barefield was employed by R.D. Motors in April 2005 as a sales manager.  He resigned from the company in November 2005.  He was subjected to race discrimination with regard to his salary and pay plan.  He was told when he was hired that he would receive the same pay plan as the other managers who were employed there.  However, he learned that the white managers in similar positions were being paid significantly more.  Mr. Don Macintosh and Steve Brinker, who were white, were paid 4% of net sales plus $25.00 per sale.  These managers were less experienced and qualified than Barefield.  Mr. Barefield was paid 4% of the net only.  When he learned of this difference in pay, Mr. Barefield complained, but his supervisors ignored his complaints.  The difference in pay was motivated by discrimination against Mr. Barefield based on his race.  No legitimate reason was ever given for the difference in pay.

Mr. Barefield was subjected to racial harassment and discrimination.  Joe Miller, Caucasian, the general sales manager, made several racial comments to him.  Mr. Miller also told him that it was the big joke among management that Mr. Barefield had been hired because he was too big and too black for Rob Lyons, another general manager, to intimidate.  He said Mr. Ron Drake, the owner, wanted to fire Mr. Lyons, but was too intimidated by Mr. Lyons to do so.

Mr. Barefield received an email from Jamie Hoffman, a sales employee, about a customer who had spoken to him, and had later said that she not like black people.  Mr. Barefield took this email to Joe Miller and Steve Brinker, supervisors, and complained.  They simply laughed at him

2

and refused to take any action. Mr. Drake of RD Motors stated that Mr. Barefield needed to be careful because any "little old white lady" who made a complaint about the company and took him to court would win because he was big and black. The other managers laughed at this remark and nothing was done about it. These racial comments created a hostile environment towards black employees such as Mr. Barefield.

Other black employees were also harassed. Sales person Gerun Scurlock, also an African American, was harassed by a white co-worker, Brandon Johnson, who was an avowed racist and skinhead. This was well known to the management of the company. Brandon Johnson has the word "skinhead" tattooed on his fingers. R.D. Motors allowed Johnson to play overtly racist music in the workplace and did nothing to confront him with regard to his attitude towards black employees, despite complaints from black employees.

Mr. Johnson threatened Mr. Scurlock, and on one occasion, threw urine at Scurlock while he was in one of the stalls in the restroom at work. Scurlock reported this to the general manager, Joe Miller. Mr. Barefield learned of the incident and told Miller. Miller told him he would talk to Mr. Drake and they would fire Mr. Johnson. However, no action was ever taken. Scurlock also reported to the company's supervisors that Johnson called him a nigger. Johnson continued to harass Mr. Scurlock and other black employees.

Other black employees of the Defendant also complained about race harassment and discrimination. Mr. Jdell Garner was subjected to racial epithets, and was called a "black ass motherfucker" and a "stupid nigger" on several occasions by his supervisor. He was not given valid sales leads which were assigned to the white sales employees. He was kept in a back office and not allowed to meet with customers. He was terminated to make way for a white

3

employee to replace him.

Other instances of racial harassment were common. A black doll with a hangman's rope around its neck was displayed at the company, and no action was taken despite the protests of black employees. Mr. Barefield complained numerous times of racial harassment to Miller and others but nothing was done. After Mr. Barefield saw no action was being taken, he resigned due to the intolerable working conditions.

After his resignation, Mr. Barefield did not receive his last commission check from Defendant. He did not receive his final paycheck for five sales commissions that were due him, despite his demands to the company. The Defendant allowed a hostile environment against blacks, and refused to take any action to end such harassment.

At R.D. Motors, Mr. Barefield was told by his supervisors to perform illegal and fraudulent acts with regard to financing application for customers with poor credit ratings. He was told to falsify tax return information for loans to show more income for the customers. He was told to lie to banks and financing sources that the customer had put down cash down payment. He was told to have customers open new bank accounts with no money in the accounts and guarantee blank checks to set up the appearance of having funds. Mr. Barefield was also told to falsify what are known as "book out sheets", regarding vehicles to be sold, and supply false information to third parties such as lenders about the vehicles and misrepresent what optional equipment was on a vehicle to alter its perceived value. Mr. Barefield was told not to disclose to customers, if a vehicle had been in an accident, had frame damage, or any preexisting damages, and to state only that a vehicle had "some damage that had been repaired". Mr. Barefield refused to engage in this fraudulent and illegal conduct and was harassed and forced to quit as a result of his refusal.

4

Defendant violated Title VII of the Civil Rights Act of 1964 by its racial harassment and discrimination against Plaintiff. Defendant has also violated Section 1981 of the Civil Rights Act of 1991, by its racial harassment and discrimination against Plaintiff. As a result, Plaintiff has sustained damages and injuries and seeks an award of damages, costs, and interest and attorney fees against Defendant.

Plaintiff has also alleged a state law claim, asserting he was wrongfully discharged in violation of public policy of the State of Colorado, for refusing to engage in illegal or improper conduct.

Plaintiff believes the counterclaims brought by defendant are retaliatory in nature, and will be found to be frivolous or groundless.

## B. Defendant:

Mr. Barefield was hired as a Sales Manager at the R.D. Motors north store location in April of 2005. Mr. Barefield and his co-managers at the north store were on the same pay plan. During the time that Mr. Barefield and his co-sales managers were running the Sales Department at the north store, the sales at the north store decreased. Therefore, in the summer of 2005, Mr. Barefield requested that he be allowed to change positions. In August of 2005, the management staff was reorganized at the north store. The owner of R.D. Motors transferred Mr. Barefield to the Colfax store location. Mr. Barefield was placed in a position as salesperson at the Colfax store. Because Mr. Barefield's position changed, he also was given a new pay plan which he accepted.

Mr. Barefield was not successful as a salesperson at the Colfax store. Mr. Barefield

5

appeared to take less and less interest in his job and did not appear to put forth the effort required to be successful. He eventually stopped showing up for work. This was treated as a voluntary resignation by R.D. Motors.

During the entire time that Mr. Barefield was employed at R.D. Motors, he at no time complained that he felt he was treated differently because of his race. He never complained that he felt.he was treated differently than his white counterparts or co-workers. Mr. Barefield also did not complain at any time about his pay plan. It is Defendant's position that Plaintiff's allegations of racial discrimination are false and Mr. Barefield knows they are false. Defendant contends Plaintiff will not satisfy his burden of proof under Title VII of the Civil Rights Act.

In addition, as a result of Mr. Barefield filing this lawsuit, the investigation conducted by R.D. Motors has resulted in discovery of several after acquired evidence defenses. Specifically, in December of 2005, several witnesses came forward and informed Defendant that Mr. Barefield was seen consuming alcohol on Company premises while on Company time. Defendant also learned that Mr. Barefield was engaging in other inappropriate activities while on Company property and while on Company time. The employees that came forward did so, only after Mr. Barefield was no longer employed with the Company. The employees will testify that they did not come forward while Plaintiff was still employed with the company for fear of reprisal by Mr. Barefield. Had this information been brought to management's attention while Mr. Barefield was still employed with the Company, he would have been terminated immediately.

Through Defendant's own investigation, it recently learned Mr. Barefield filed a Charge of Discrimination against a subsequent employer Lease Process. In that Charge of

6

Discrimination, Mr. Barefield alleged the same claims against Lease Process that he asserted against R.D. Motors.   During his deposition Plaintiff denied filing any claim against Lease Process except for an unemployment benefit claim and a "wage claim".   This is just one example of the dishonesty Mr. Barefield has engaged in when responding to Defendant's written discovery and responding to deposition questions.   Representatives of Lease Process will testify at the <u>Barefield v. R.D. Motors</u> trial.

While Mr. Barefield was employed at R.D. Motors, he received a total of $7,500.00 in loans from R.D. Motors.   Mr. Barefield promised that he would repay all of this money.   At the time that Mr. Barefield stopped showing up for work, he still owed R.D. Motors $5,000.00, not including interest.   Mr. Barefield breached his contract to repay the money that he borrowed from R.D. Motors, and therefore, R.D. Motors has filed a Breach of Contract Counterclaim against Mr. Barefield.

The claims asserted by Mr. Barefield against R.D. Motors, are devoid of reasonable factual support and Mr. Barefield knows his allegations are false.   Upon information and belief, Mr. Barefield is pursuing this action for the sole purpose of improper financial gain and to harm the reputation of R.D. Motors, Inc.   Mr. Barefield filed this lawsuit in an attempt to receive payment of monies which he is not legally or factually entitled to receive.   Therefore, Defendant has also filed Counterclaims against Mr. Barefield for Abuse of Process and Attorney Fees pursuant to C.R.S. § 13-17-101 et. seq.

R.D. Motors is seeking its damages, costs, expert fees, attorney fees, and interest from the Plaintiff.

7

## 4. STIPULATIONS

The following facts are undisputed:

1. Mr. Barefield was employed by R.D. Motors in April 2005 to November 2005.

2. Mr. Barefield's alleged loss wage claim ends on November 10, 2005.

## 5. PENDING MOTIONS

None.

## 6. WITNESSES

**Plaintiff**

A. **Nonexpert** **witnesses to be called:** Plaintiff's list of Will Call and May Call witnesses are attached here to as Exhibit "C". **(see Fed. R. Civ. P. 26(a)(3)(A))**

B. **Witnesses where testimony is expected to be presented by means of a deposition See Fed. R. Civ. P. 26(a)(3)(B).: None anticipated**

C. **Expert** **witnesses to be called: None**

**Defendant**

A. **Nonexpert** **witnesses to be called:** Defendant's list of Will Call, May Call and Adverse witnesses are attached here to as Exhibit "A" which is the attached Witness List Form pursuant to Judge Miller's requirements. **(see Fed. R. Civ. P. 26(a)(3)(A))**

B. **Witnesses where testimony is expected to be presented by means of a deposition See Fed. R. Civ. P. 26(a)(3)(B).: None**

C. **Expert** **witnesses to be called: None**

Defendant R.D. Motors, Inc., reserves its right to call any other witnesses necessary for impeachment, authentication or rebuttal.

## 7. EXHIBITS

A. Pursuant to Judge Miller's requirements, attached as Exhibit "B" is the Joint Exhibit

List of the parties.

*June 23, 2008*

B.  Copies of listed exhibits m~~u~~st be provided to opposing counsel and any *pro se* party no later than ~~five days after the final pretrial conference~~. The objections contemplated by Fed. R. Civ. P. 26(a)(3) shall be filed with the clerk and served by hand delivery or facsimile no later than ~~11 days after the exhibits are provided.~~ *July 11, 2008.*

*The plaintiff shall supplement the exhibit list by Bates numbering exhibits 1 through 11 by June 23, 2008.*

## 8. DISCOVERY

Discovery has been completed.

## 9. SPECIAL ISSUES

The parties anticipate filing Motions in Limine concerning evidentiary issues so that they may be ruled on prior to trial.

## 10. SETTLEMENT

The parties and their counsel attended a settlement conference on February 28, 2008. The parties were promptly informed of all offers of settlement. Counsel for the parties may hold future settlement conferences. *A settlement conference is set for June 17, 2008, at 3:00pm.*

## 11. OFFER OF JUDGMENT

Counsel and any *pro se* party acknowledge familiarity with the provision of rule 68 (Offer of Judgment) of the Federal Rules of Civil Procedure.  Counsel have discussed it with the clients against whom claims are made in this case.

Defendant filed a Statutory Offer of Judgment to Plaintiff pursuant to Fed.R.Civ.P. 68 on March 6, 2008.  Said Offer of Judgment was not accepted by Plaintiff.

## 12. EFFECT OF FINAL PRETRIAL ORDER

Hereafter, this Final Pretrial Order will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice.  The pleadings will be deemed merged herein.  This Final Pretrial Order supersedes the Scheduling Order.  In the event of ambiguity in any provision of this Final Pretrial Order, reference may be made to the record of the pretrial conference to the extent reported by stenographic notes and to the pleadings.

## 13. TRIAL AND ESTIMATED TRIAL TIME; FURTHER TRIAL PREPARATION PROCEEDINGS

Trial is to a jury and is anticipated to last for five days. A trial date has not yet been set.

DATED this 5th day of June 2008.

BY THE COURT:

United States Magistrate Judge

APPROVED:

s/ Gregg McReynolds
Gregg McReynolds
8101 East Prentice Ave. Suite 800
Greenwood Village, CO 80111
303 694 1800
Attorney for Plaintiff

s/ Michelle R. Magruder
Michelle R. Magruder, Esq.
Tim Nemechek, Esq.
Cairns, Nemechek & Magruder, LLC
8055 E. Tufts Ave. Ste. 101
(303)-414-2200
Attorneys for Defendant

10

# EXHIBIT A

## WITNESS LIST FORM
Judge Walker D. Miller

Case No. 07-cv-00333-WDM-BNB                          Date: May 30, 2008

Case Caption:  John Barefield   v.   R.D. Motors, INC

### Defendant Witness List

| Will Call Witnesses<br>( name & summary of testimony) | Estimated Time for Examination | |
|---|---|---|
| | Direct | Cross |

1. John Barefield, 7717 W. 9th Ave., Lakewood, CO 80214, 3/232-6108, who will provide testimony regarding information relating to all matters at issue in this case, including, but not limited to: information concerning all allegations and damage claims contained in his Complaint; information concerning Defendant's counter-claims against Plaintiff.

   Direct: _____   Cross: __1 hr__

2. Ron Drake of R.D. Motors, Inc., 8200 W. Colfax Avenue, Lakewood, CO 80214, (303) 232-2303, who will provide testimony regarding Plaintiff's employment history with Defendant; Plaintiff's behavior on the job; positions Plaintiff held with Defendant; Plaintiff's wage and/or earning history; Plaintiff's disciplinary history; Plaintiff's job duties; Plaintiff's job performance with Defendant; Plaintiff's statements made after his was disciplined and/or after his separation from employment; information concerning Defendant's counter-claims against Plaintiff.

   Direct: __1.5 hrs.__   Cross: _____

3. Tracy Drake of R.D. Motors, Inc., 8200 W. Colfax Avenue, Lakewood, CO 80214, (303) 232-2303, who will provide testimony regarding Plaintiff's employment history with Defendant; Plaintiff's behavior on the job; positions Plaintiff held with Defendant; Plaintiff's wage and/or earning history; Plaintiff's disciplinary history; Plaintiff's job duties; Plaintiff's job performance with

   Direct: __30 mins.__   Cross: _____

Defendant; Plaintiff's statements made
after his was disciplined and/or after his
separation from employment; information
concerning Defendant's counter-claims against Plaintiff.

4. Barbara Hodgson of R.D. Motors, Inc.,          ___1 hr___          _____
   8200 W. Colfax Avenue, Lakewood,
   CO 80214, (303) 232-2303, who will provide
   testimony regarding Plaintiff's employment
   history with Defendant; Plaintiff's behavior
   on the job; positions Plaintiff held with
   Defendant; Plaintiff's wage and/or earning
   history; Plaintiff's disciplinary history; Plaintiff's
   job duties; Plaintiff's job performance with
   Defendant; Plaintiff's statements made
   after his was disciplined and/or after his
   separation from employment; information
   concerning Defendant's counter-claims against Plaintiff.

5. Don McIntosh of R.D. Motors, Inc.,          ___1 hr___          _____
   8200 W. Colfax Avenue, Lakewood,
   CO 80214, (303) 232-2303, who will provide
   testimony regarding Plaintiff's employment
   history with Defendant; Plaintiff's behavior
   on the job; positions Plaintiff held with
   Defendant; Plaintiff's wage and/or earning
   history; Plaintiff's disciplinary history; Plaintiff's
   job duties; Plaintiff's job performance with
   Defendant; Plaintiff's statements made
   after his was disciplined and/or after his
   separation from employment; information
   concerning Defendant's counter-claims against Plaintiff.

6. Joe Miller of R.D. Motors, Inc.,          ___1.5 hr___          _____
   8200 W. Colfax Avenue, Lakewood,
   CO 80214, (303) 232-2303, who will provide
   testimony regarding Plaintiff's employment
   history with Defendant; Plaintiff's behavior
   on the job; positions Plaintiff held with
   Defendant; Plaintiff's wage and/or earning
   history; Plaintiff's disciplinary history; Plaintiff's
   job duties; Plaintiff's job performance with
   Defendant; Plaintiff's statements made
   after his was disciplined and/or after his

separation from employment; information
concerning Defendant's counter-claims against Plaintiff.

7. Steve Brinker of R.D. Motors, Inc.,              __1 hr__          _____
   8200 W. Colfax Avenue, Lakewood,
   CO 80214, (303) 232-2303, who will provide
   testimony regarding  Plaintiff's employment
   history with Defendant; Plaintiff's behavior
   on the job; positions Plaintiff held with
   Defendant; Plaintiff's wage and/or earning
   history; Plaintiff's disciplinary history; Plaintiff's
   job duties; Plaintiff's job performance with
   Defendant; Plaintiff's statements made
   after his was disciplined and/or after his
   separation from employment; information
   concerning Defendant's counter-claims against Plaintiff.

8. Lance Kennoy of Lease Process,                   __1 hr.__         _____
   4251 Kipling Street, Unit 550,
   Wheat Ridge, CO 80033, 720-898-8100.
   Who will provide testimony regarding
   Plaintiff's employment history with Lease
   Process; Plaintiff's behavior on and off the job;
   positions Plaintiff held with Lease Process;
   Plaintiff's wage and/or earning history;
   Plaintiff's disciplinary history; Plaintiff's
   job duties; Plaintiff's job performance; Plaintiff's
   stated reasons for leaving prior employers;
   Plaintiff's statements made after his was
   disciplined and/or after his separation from
   employment; and information concerning
   the charge of discrimination and other claims
   Plaintiff filed against Lease Process.

9. Richard Wilmarth of Lease Process,               __45 mins.__      _____
   4251 Kipling Street, Unit 550,
   Wheat Ridge, CO 80033, 720-898-8100.
   Who will provide testimony regarding
   Plaintiff's employment history with Lease
   Process; Plaintiff's behavior on and off the job;
   positions Plaintiff held with Lease Process;
   Plaintiff's wage and/or earning history;
   Plaintiff's disciplinary history; Plaintiff's
   job duties; Plaintiff's job performance; Plaintiff's
   stated reasons for leaving prior employers;

Plaintiff's statements made after his was
disciplined and/or after his separation from
employment; and information concerning
the charge of discrimination and other claims
Plaintiff filed against Lease Process.

| May Call Witnesses (name & summary of testimony) | Estimated Time for Examination | |
|---|---|---|
| | Direct | Cross |

1. Randy Cook and/or Robert Lynn and/or        <u>   1 hr.   </u>        <u>          </u>
   Arthur Gardon and/or Carmen Juarez and/or
   Chuck Teeples and/or Greg Barber and/or
   John Bennett and/or Earl Wilkins and/or Tammy
   Claire of R.D. Motors, Inc., 8200 W. Colfax
   Avenue, Lakewood, CO 80214, (303) 232-2303,
   who will provide testimony regarding Plaintiff's
   employment history with Defendant; Plaintiff's
   behavior on the job; positions Plaintiff held with
   Defendant; Plaintiff's wage and/or earning
   history; Plaintiff's disciplinary history; Plaintiff's
   job duties; Plaintiff's job performance with
   Defendant; Plaintiff's statements made
   after his was disciplined and/or after his
   separation from employment; information
   concerning Defendant's counter-claims against Plaintiff.

2. Renee Michel of Lease Process,        <u>   30 mins.   </u>        <u>          </u>
   4251 Kipling Street, Unit 550,
   Wheat Ridge, CO 80033, 720-898-8100.
   Who will provide testimony regarding
   Plaintiff's employment history with Lease
   Process; Plaintiff's behavior on and off the job;
   positions Plaintiff held with Lease Process;
   Plaintiff's wage and/or earning history;
   Plaintiff's disciplinary history; Plaintiff's
   job duties; Plaintiff's job performance; Plaintiff's
   stated reasons for leaving prior employers;
   Plaintiff's statements made after his was
   disciplined and/or after his separation from
   employment; and information concerning
   the charge of discrimination and other claims
   Plaintiff filed against Lease Process.

3. Ashley Mehas of Lease Process,        <u>   30 mins.   </u>        <u>          </u>

4251 Kipling Street, Unit 550,
Wheat Ridge, CO 80033, 720-898-8100.
Who will provide testimony regarding
Plaintiff's employment history with Lease
Process; Plaintiff's behavior on and off the job;
positions Plaintiff held with Lease Process;
Plaintiff's wage and/or earning history;
Plaintiff's disciplinary history; Plaintiff's
job duties; Plaintiff's job performance; Plaintiff's
stated reasons for leaving prior employers;
Plaintiff's statements made after his was
disciplined and/or after his separation from
employment; and information concerning
the charge of discrimination and other claims
Plaintiff filed against Lease Process.

4. Tony Spilker of Lease Process,                              30 mins.              _____
   4251 Kipling Street, Unit 550,
   Wheat Ridge, CO 80033, 720-898-8100.
   Who will provide testimony regarding
   Plaintiff's employment history with Lease
   Process; Plaintiff's behavior on and off the job;
   positions Plaintiff held with Lease Process;
   Plaintiff's wage and/or earning history;
   Plaintiff's disciplinary history; Plaintiff's
   job duties; Plaintiff's job performance; Plaintiff's
   stated reasons for leaving prior employers;
   Plaintiff's statements made after his was
   disciplined and/or after his separation from
   employment; and information concerning
   the charge of discrimination and other claims
   Plaintiff filed against Lease Process.

5. Wendell L. Pryor or Desiree Marchman or                     30 mins.              _____
   Steven Chavez of the State of Colorado
   Division of Civil Rights, 1560 Broadway,
   Suite 1050, Denver, CO 80202, 303-894-2998,
   who will provide testimony regarding the charge
   of discrimination filed by Plaintiff against Lease
   Process (Charge Number D20070035) and the
   resulting investigation into the charge.

6. Nancy A. Slenko and/or Andrew Williams                      30 mins.              _____
   of the United States Equal Employment
   Opportunity Commission, EEOC, 303 E. 17th Ave.
   Suite 510, Denver, CO 80203 who will provide

testimony regarding regarding the charge of
discrimination filed by Plaintiff against Lease
Process and the resulting investigation into the charge.

7. Marrissa McCann, or other representative of       45 mins.
Manpower Inc., 165 S. Union Suite 100,
Lakewood, CO 80228. They will provide testimony
concerning Plaintiff's current employment and
earnings as well as Plaintiff's employment history at
Manpower, Inc.; Plaintiff's behavior on the job; positions
Plaintiff held with Manpower, Inc.; Plaintiff's wage
and/or earning history; Plaintiff's disciplinary history;
Plaintiff's job duties; Plaintiff's job performance;
Plaintiff's stated reasons for leaving prior employers;
Plaintiff's statements made after his was disciplined
and/or after his separation from employment.

8. Plaintiff's supervisors of Coors, 17755 W.       30 mins.
32nd Ave.,Golden, CO, 80401 who have not
been identified by Plaintiff.. They will provide
testimony concerning Plaintiff's current employment and
earnings as well as Plaintiff's employment history
at Coors; Plaintiff's behavior on and off the job;
positions Plaintiff held with Coors; Plaintiff's
wage and/or earning history; Plaintiff's disciplinary
history; Plaintiff's job duties; Plaintiff's job
performance; Plaintiff's stated reasons for leaving
prior employers; Plaintiff's statements made after
his was disciplined and/or after is separation from employment.

9. T.D. Townsend of Courtesy Ford, a/k/a       30 mins.
AN CF Acquisition, a/k/a AutoNation,
8252 S. Broadway, Littleton, CO 80122-
2724, who will provide testimony regarding
Plaintiff's employment history with Courtesy
Ford; Plaintiff's behavior on and off the job;
positions Plaintiff held with Courtesy Ford;
Plaintiff's disciplinary history; Plaintiff's
job duties; Plaintiff's job performance;
Plaintiff's stated reasons for leaving prior
employers; Plaintiff's statements made after
his was disciplined and/or after his separation
from employment.

10.Hollie Strawbridge of Courtesy Ford, a/k/a       30 mins.
AN CF Acquisition, a/k/a AutoNation,

8252 S. Broadway, Littleton, CO 80122-
2724, who will provide testimony regarding
Plaintiff's employment history with Courtesy
Ford; Plaintiff's behavior on and off the job;
positions Plaintiff held with Courtesy Ford;
Plaintiff's disciplinary history; Plaintiff's
job duties; Plaintiff's job performance;
Plaintiff's stated reasons for leaving prior
employers; Plaintiff's statements made after
~~his was disciplined and/or after his separation~~
from employment.

11. Dave Dunn of Courtesy Ford, a/k/a          15 mins.         _____
    AN CF Acquisition, a/k/a AutoNation,
    8252 S. Broadway, Littleton, CO 80122-
    2724, who will provide testimony regarding
    Plaintiff's employment history with Courtesy
    Ford; Plaintiff's behavior on and off the job;
    positions Plaintiff held with Courtesy Ford;
    Plaintiff's disciplinary history; Plaintiff's
    job duties; Plaintiff's job performance;
    Plaintiff's stated reasons for leaving prior
    employers; Plaintiff's statements made after
    his was disciplined and/or after his separation
    from employment.

12. Roberto Ramos and/or Gayle Henderson       45 mins.         _____
    and/or Marc Sandoval of Courtesy Ford, a/k/a
    AN CF Acquisition, a/k/a AutoNation,
    8252 S. Broadway, Littleton, CO 80122-
    2724, who will provide testimony regarding
    Plaintiff's employment history with Courtesy
    Ford; Plaintiff's statements made to co-workers
    regarding how he performed his job; Plaintiff's
    behavior on and off the job; positions Plaintiff
    held with Courtesy Ford; Plaintiff's wage
    and/or earning history; Plaintiff's disciplinary
    history; Plaintiff's job duties; Plaintiff's job
    performance; Plaintiff's stated reasons for
    leaving prior employers; Plaintiff's statements
    made after his was disciplined and/or after his
    separation from employment; Plaintiff's
    statements concerning his subsequent employers.

13. Russell O. Stewart, Faegre & Benson,       15 mins.         _____
    2500 Republic Plaza, 370 Seventeenth Street,

7

Denver, CO 80202, 303-492-5900 who will provide
testimony regarding the Wilton Corporation v.
Wilton Saw Company, John Barefield, et al.,
Civil Action No. 93-M-1572, case.

14. Robertson B. Cohen, The Perman Law Firm, PC, _____15 mins._____    _____
    4195 Wadsworth Blvd., Wheat Ridge, CO 80033,
    303-991-7600 who will provide testimony regarding
    the Chapter 13 bankruptcy filed by John Barefield,
    Case No. 07-10528-SBB.

15. Torben M. Welch, Esq. and Joseph A, Murr, Esq., _____15 mins.____    _____
    Bloom Murr & Accomazzo, PC, 410 Seventeenth
    St. Suite 2400, Denver, CO 80202, 303-534-2277,
    who will provide testimony regarding the Chapter
    13 bankruptcy filed by John Barefield, Case No.
    07-10528-SBB; and the claims asserted against
    Plaintiff Barefield by Jeffco Credit Union f/a/a
    Jeffco Schools Credit Union.

16. Sally Zeman, Chapter 13 Trustee,                _____15 mins.____    _____
    PO Box 1169, Denver, CO 80201,
    303-830-1971, who will provide testimony
    regarding the Chapter 13 bankruptcy filed by
    John Barefield, Case No. 07-10528-SBB and it's
    Ultimate dismissal by the court.

17. Representatives of the United States Internal   _____30 mins.____    _____
    Revenue Service who will provide testimony
    regarding Plaintiff's Tax lien; Plaintiff's reported
    earnings from 1999 to the present; amount of
    money Plaintiff owes the United States government
    in unpaid income taxes;current litigation ongoing
    against Mr. Barefield related to his non-payment
    of taxes; total amount of tax liens it has filed against Plaintiff.

18. Brandon Johnson of Kids Auto,                   _____30 mins.____    _____
    1300 W Alameda, Denver, CO 80223,
    (303)733-6200, who will provide
    testimony regarding  Plaintiff's employment history
    with Defendant; Plaintiff's statements made to
    him regarding how he performed his job;
    Plaintiff's behavior on and off the job; Plaintiff's job
    performance with Defendant; Plaintiff's
    statements made after his was disciplined and/or
    after his separation from employment;

conversations Mr. Johnson had with Gregg McReynolds.

19. James Rosier of Kids Auto,       30 mins.           _____
1300 W Alameda, Denver, CO 80223,
(303)733-6200, who will provide
testimony regarding Plaintiff's employment history
with Defendant; Plaintiff's statements made to
him regarding how he performed his job;
Plaintiff's behavior on and off the job; Plaintiff's job
performance with Defendant; Plaintiff's
statements made after his was disciplined and/or
after his separation from employment;
conversations Mr. Rosier had with Gregg McReynolds.

20. Robert Lipp, 3235 East Brentwood Place   30 mins.      _____
Highlands Ranch, CO, 303-904-3410.
Who will provide testimony regarding information
about Plaintiff's job performance at R.D. Motors;
Mr. Lipp's employment with RD Motors;
conversations Mr. Lipp has had with Plaintiff
and Plaintiff's counsel.

| Adverse Witnesses – May Call (name & summary of testimony) | Estimated Time for Examination | |
|---|---|---|
| | Direct | Cross |
| 1. John Barefield, 7717 W. 9th Ave., Lakewood, CO 80214, 3/232-6108, who will provide testimony regarding information relating to all matters at issue in this case, including, but not limited to: information concerning all allegations and damage claims contained in his Complaint; information concerning Defendant's counter-claims against Plaintiff. | _____ | 1 hr |
| 2. Gerun Scurlock, 949 Racine Street, Aurora, CO 80011, 720-229-2645, who will provide testimony regarding his employment at R.D. Motors and experience working with Mr. Barefield. | _____ | 30mins. |
| 3. Jdell Gardner, 3768 Oak St., Wheatridge, CO, _____ who will provide testimony regarding his employment at R.D. Motors and experience working with Mr. Barefield. | | 30mins. |

# EXHIBIT B

## JOINT TRIAL EXHIBIT LIST
Judge Walker D. Miller

CASE NUMBER: 07-cv-00333-WDM-BNB

CASE CAPTION:  John Barefield   v.   R.D. Motors, Inc.          Page no.   1

| Designation | Description | Offer | Stip. | In | Out | Rul. Res. | Comment |
|---|---|---|---|---|---|---|---|
| 1 | Barefield Resume | | | | | | |
| 2 | Charge of Discrimination | | | | | | |
| 3 | Pay Plans | | | | | | |
| 4 | Barefield W-2 from R.D. Motors for 2005 | | X | | | | |
| 5 | Barefield paychecks from R.D. Motors | | | | | | |
| 6 | R.D. Motors Westminster Employee List | | | | | | |
| 7 | R.D. Motors Colfax Store Employees list Fall 2005 | | | | | | |
| 8 | Personnel Action Notice for Barefield 11-7-05 | | | | | | |
| 9 | R.D. Motors Responses to Barefiled Second Request for Production | | | | | | |
| 10 | Scurlock Statement | | | | | | |
| 11 | Garner Statement | | | | | | |
| 12 | Personnel file of Plaintiff John Barefield from R.D. Motors. (Bates Nos. 001-069 and 330-337) | | | | | | |
| 13 | Personnel records from Lease Process of Plaintiff (Bates Nos. 075 – 118). | | | | | | |
| 14 | Personnel records from Courtesy Ford of Plaintiff (Bates Nos. 119 – 257). | | | | | | |
| 15 | Letter dated October 23, 2007 to Lease Process and attachment (Bates Nos. 258 – 259) | | | | | | |
| 16 | Discrimination charge filed by John Barefield against Lease Process with the EEOC. (Bates Nos. 260-308) | | | | | | |
| 17 | Documents filed in the United | | | | | | |

Barefield v. R.D. Motors, Inc.
PAGE NO. 2

| Designation | Description | Offer | Stip. | In | Out | Rul. Res. | Comment |
|---|---|---|---|---|---|---|---|
| | States District Court, Civil Action No. 93-M-1572, Wilton Corporation v. Wilton Saw Company, John Barefield, Jerry Shustrin, and Shustrin and Associates (Bates Nos. 309 – 329) | | | | | | |
| 18 | Additional personnel records from RD Motors on Plaintiff. (Bates Nos. 330 – 337) | | | | | | |
| 19 | Documents from the United States Bankruptcy Court filed by John Barefield, Case No. 07-10528-SBB (Bates Nos. 338 – 777) | | | | | | |
| 20 | Colorado Bureau of Investigation Crime Information Center documents (Bates Nos. 778 – 797) | | | | | | |
| 21 | Court documents regarding People v. Barefield, Case No. 06T2554 (Bates Nos. 1079 – 1085) | | | | | | |
| 22 | Documents regarding State of Colorado Department of Revenue v. John Barefield, Case No. 05cv010207 (Bates Nos. 1286 – 1288) | | | | | | |
| 23 | Documents regarding Department of Revenue v. John Barefield, Case No. 97 cv 001855 (Bates Nos. 1289 – 1290) | | | | | | |
| 24 | Court documents regarding People of the State of Colorado v. Johnny Barefield, Case No. 07T7158 (Bates Nos. 1303 – 1309) | | | | | | |
| 25 | Personnel Action Notice, separation sheet for JDell Garner prepared by John Barefield. (Bates No. 1348) | | | | | | |
| 26 | Letter dated June 22, 2007 from Wendell L. Pryor, of Colorado Civil Rights Division to Lease Process. (Bates Nos. 1349 - 1353) | | | | | | |

Barefield v. R.D. Motors, Inc.
PAGE NO. 3

| Designation | Description | Offer | Stip. | In | Out | Rul. Res. | Comment |
|---|---|---|---|---|---|---|---|
| 27 | Notice of Charge of Discrimination dated May 7, 2007 to Lease Process, from CCRD and other related documents. (Bates Nos. 1354 - 1359) | | | | | | |
| 28 | Memorandum from Richard Wilmarth regarding John Barefield to the CCRD. (Bates No. 1360) | | | | | | |
| 29 | Notice of Right to Sue letter dated December 19, 2007 to John Barefield from the State of Colorado Division of Civil Rights. (Bates Nos. 1361 - 1363) | | | | | | |
| 30 | Plaintiff's income tax returns for the years 2000, 2001, 2002, 2003, 2004, 2005, and 2006 received from the Internal Revenue Service (Bates Nos. 1364 – 1414) | | | | | | |
| 31 | Coors Credit Union Payroll Deduction or Direct Deposit Form dated January 24, 2008 (Bates No.1547) | | | | | | |
| 32 | Manpower employment records concerning Plaintiff. (Bates Nos.1548-1552) | | | | | | |
| 33 | Requirements for Working at Coors. (Bates No. 1553) | | | | | | |
| 34 | Additional Manpower employment records concerning Plaintiff (Bates No. 1554-1581) | | | | | | |
| 35 | AutoNation Personnel Action Form- Termination entered August 11, 2004 (Bates No. 1585) | | | | | | |
| 36 | John Elway Memo to John Elway Courtesy Ford. Subject: Voluntary Resignation from john Barefield dated 8-3-04 (Bates No. 1586) | | | | | | |
| 37 | Termination Notice dated 7/31/04, signed 8/3/04 and 8/2/04 (Bates No. 1587). | | | | | | |

Barefield v. R.D. Motors, Inc.
PAGE NO. 4

| Designation | Description | Offer | Stip. | In | Out | Rul. Res. | Comment |
|---|---|---|---|---|---|---|---|
| 38 | Personnel records of Plaintiff from Courtesy Ford/Auto Nation. (Bates Nos. 1588-1623 & Nos.1626-1664). | | | | | | |
| 39 | Termination Notice dated 7/3/02 (Bates No. 1624). | | | | | | |
| 40 | Courtesy Ford resignation form dated 7/8/02 (Bates No. 1625). | | | | | | |
| 41 | Affidavit of James Rosier (Bates No. 1665-1666) | | | | | | |
| 42 | Affidavit of Brandon Johnson (Bates No. 1667-1668) | | | | | | |
| 43 | 7-5-05 pay plan of Don McIntosh. (Bates No. 070) | | | | | | |
| 44 | 7-5-05 Pay Plan of John Barefield (Bates no. 071) | | | | | | |
| 45 | 8-11-05 Pay Plan of Steve Brinker (Bates No.072) | | | | | | |
| 46 | 5-8-05 Pay Plan of John Barefield (Bates No 027) | | | | | | |
| 47 | 4-13-05 Barfield Employee Acknowledgement Form (Bates No.069) | | | | | | |
| 48 | 5-7-05 Barefield Pay Plan Acknowledgement Form (Bates No. 019) | | | | | | |
| 49 | Any other documents necessary for impeachment and/or rebuttal. | | | | | | |

4

# EXHIBIT C
## WITNESS LIST FORM
Judge Walker D. Miller

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00333-WDM-BNB

JOHN BAREFIELD,

      Plaintiff,

v.

R.D. MOTORS, INC.,

      Defendant.

### Plaintiff Witness List

Will Call Witnesses Estimated Time for Examination

| (name & summary of testimony) | Direct | Cross |
|---|---|---|
| 1. John Barefield, 7717 W. 9th Avenue, Lakewood, Colorado 80214. Mr. Barefield is the plaintiff and has knowledge and information of the facts and circumstances regarding this case. | About ½ day | About ½ day |
| 2. Tony Medina, 1350 Faraday Street, Denver, Colorado 80229. His telephone number is (303) 520-0483. Mr. Medina is a former employee of R.D. Motors from February, 2004 until February 25, 2006. He will testify with regard to the illegal sales practices and documentation practices at R.D. Motors and with regard to how he was retaliated against when he reported sexual harassment at the company as well as the unfair treatment of Mr. Barefield. | 1-2 hours | 1-2 hours |
| 3. Gerun Scurlock, 949 Racine Street, Aurora, Colorado 80011, telephone 720-229-2645. Mr. Scurlock is a former employee of the defendant and may have knowledge and information of the facts and circumstances with regard to discrimination. | 1 hour | 1 hour |
| 4. Jdell Garner, 3768 Oak St., Wheatridge, | 1hour | 1 hour |

| | | |
|---|---|---|
| CO. Mr. Gardner is a former employee of the defendant and may have knowledge and information of the facts and circumstances with regard to discrimination. | | |
| | | |
| | | |
| | | |
| | | |

May Call Witnesses Estimated Time for Examination

(name & summary of testimony)                    Direct                    Cross

| | Direct | Cross |
|---|---|---|
| 1. Jamie Hoffman, Ms. Hoffman is an employee of the defendant and may have knowledge and information of the facts and circumstances regarding the case. | 30 min | 30 min |
| 2. Brandon Johnson, former employee of R.D. Motors who has been previously disclosed. Mr. Johnson has now given a statement with regard to certain matters relevant to this case. A copy of this statement is attached. He is now employed at Kids Auto in Denver with a phone number of (720) 436-3939. | 30 min | 30 min |
| 3. James Rosier, 16647 East 13th Avenue, Denver, Colorado. His telephone number is (720) 529-6393. Mr. Rosier was located on April 1, 2008. A copy of his statement is enclosed. He has information relevant to issues in this case as set forth in his attached statement. | 30 min | 30 min |
| 4. Pete Giltner, telephone number (720) 690-3778. Mr. Giltner is a former employee of R.D. Motors who has information relevant to the facts and issues in this matter concerning Mr. Barefield's employment with R.D. Motors. | 30 min | 30 min |
| 5. Todd Willis, former employee of R.D. Motors. 5920 Saulsbury St., Arvada, CO His telephone number is (303) 472-0489. Mr. Willis can testify to information concerning Barefield's claims and to the | 45 min | 45 min |

| | | |
|---|---|---|
| operations at R.D. Motors. | | |
| 6. Rob Lyons, 11801 Columbine St., Thornton, CO telephone number (303) 514-9124. Mr. Lyons can testify with regard to issues concerning Mr. Barefield's claims. | 45 min | 45 min |
| 7. Derrek Garcia 5350 W. Warren Ave. B-15 Denver CO, former employee at RD Motors, can testify with regard to the discrimination issue and the working conditions at R.D. Motors. | 20 min (Defendant objections as Plaintiff did not properly disclose this witness.) | 20 min |
| 8. Robert Lipp 3235 East Brentwood Place, Highlands Ranch, CO , phone 303 934 3410. Former employee at RD Motors, replaced Mr. Barefield and will testify with regard to the discrimination issue and the working conditions at R.D. Motors. | 30 min | 30 min |
| 9. Steve Brinker 9805 West Iowa Drive, Lakewood CO former employee at RD Motors, can testify with regard to the working conditions there and issues concerning Barefield's' claims. | 30 min | 30 min |
| 10. Mary Ann McMann, former employee, 441 Blue River Parkway, Silverthorne, CO Phone: 720-280-8010, can testify concerning Mr. Barefield's work at R.D. Motors and the work environment there. | 30 min | 30 min |
| 11. Rebuttal witnesses, and any foundation witnesses for introduction of exhibits if necessary. | 30 min | 30 min |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |